```
          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF ILLINOIS
                 EASTERN DIVISION
```

FILED NOV 16 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ANJANABEN PATEL and            )
VIMALKUMAR PATEL,              )
                               )
         Plaintiffs,           )
                               )
              v.               )    07CV6521
                               )    JUDGE LEFKOW
EMILIO GONZALES, Director,     )    MAGISTRATE JUDGE ASHMAN
USCIS; MICHAEL CHERTOFF,       )
Secretary of Department of     )
Homeland Security and          )
CONDOLEEZZA RICE, Secretary,   )
U.S. State Department,         )
                               )
         Defendants.           )

## COMPLAINT FOR DECLARATORY, MANDAMUS AND INJUNCTIVE RELIEF

NOW COME Your Plaintiffs, ANJANABEN PATEL and VIMALKUMAR PATEL, by and through their attorney, JUSTIN R. BURTON, ESQ., of KRIEZELMAN BURTON & ASSOCIATES, LLC, and complaining of Defendants allege as follows:

### STATEMENT OF ACTION

This action is brought to compel judicial review of an application for an I-130 immigrant visa petition (hereinafter "I-130"), filed by the Plaintiffs with the Defendants, the U.S. Citizenship & Immigration Services and U.S. Department of State on or about May 24, 1999. To the

Plaintiffs' detriment, the Defendants have failed to properly process the Immigrant Visa petition.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331 (Federal Question) because Plaintiffs' claim arises under the federal laws of the United States. This Court may grant relief in this action under 28 U.S.C. Section 1361 (Mandamus Act), 28 U.S.C. Section 1651 (All Writs Act), 28 U.S.C. Section 2201 (Declaratory Judgment Act) and under 5 U.S.C. Section 701, *et seq.* (Administrative Procedures Act of the "APA").

2. This Court has original jurisdiction to hear both civil actions arising under the laws of the Untied States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C. Section 1331; 28 U.S.C. Section 1361. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. Sections 2201-2202.

3. This action is brought due to the failure of the Defendants to properly adjudicate the Plaintiff's I-130 visa petition and process her case consistent with the Immigration Act and supplementing regulations.

2

4. Venue is proper in the Northern District of Illinois because the Plaintiffs reside in the district and no real property is involved in the action. 28 U.S.C. Section 1391(e).

5. Plaintiffs have exhausted their administrative remedies in this case as required by 8 C.F.R. Section 336.9.

**PARTIES**

6. Plaintiff, ANAJANBEN PATEL, is a U.S. citizen who, on or about May 24, 1999, filed an I-130 visa petition classifying her husband as a spouse of a lawful permanent resident.[1] Plaintiff, VIMALKUMAR PATEL, is the beneficiary of the subject visa petition and the husband of Plaintiff, ANAJANABEN PATEL.

7. Defendant, MICHAEL CHERTOFF, is the Secretary for the Department of Homeland Security ("DHS"), and is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates, has authority to adjudicate visa petitions and accord the correct priority date for those applications filed with the U.S. Citizenship

& Immigration Services ("USCIS") under the provisions of 8 U.S.C. Section 1153(e)(1), which establishes a priority system for family and employment based immigrants.

8. Defendant, DR. EMILIO GONZALES, is the Director of the U.S. Citizenship & Immigration Services ("USCIS") and is being sued in his official capacity only. Gonzales is charged with supervisory authority over all of the USCIS operations and USCIS agents and officers acting in their official capacity.

9. Defendant, DR. CONDOLEEZZA RICE, is the Secretary for the Department of State, and is being sued in her official capacity only. Rice is charged with supervisory authority over all U.S. Embassies and Consulates worldwide who process and issue visas to individuals overseas who are eligible to enter the United States as lawful permanent residents pursuant to approved visa petitions with a correct priority date.

### STATEMENT OF THE FACTS

10. Plaintiff filed an application for a visa petition (Form I-130) on behalf of her husband, Vimalkumar Patel, on or about May 24, 1999. The then Immigration &

---

[1] Your Plaintiff naturalized to that of a U.S. citizen on August 3, 2006. Her naturalization serves to automatically upgrade the

4

Naturalization Service ("INS") approved the subject I-130 visa petition and forwarded it overseas for consular processing with the Department of State.

11. Thereafter, Vimalkumar Patel appeared for the purpose of an interview.

12. The Department of State then conducted an interview and an investigation and concluded that the visa approved by the INS should be revoked.

13. The Department of State forwarded the visa back to the INS requesting revocation of the same alleging that Vimalkumar Patel and Anjanaben Patel married in February of 1992, rather than on April 1, 1999.

14. The now USCIS, the legacy INS, revoked the visa petition based on Anjanaben's alleged marriage and her being ineligible to originally receive her lawful permanent resident status in 1998. (See Exhibit A).

15. The revocation was appealed which was sustained by the Board of Immigration Appeals ruling that the alleged 1992 marriage was not entered into and the subject revocation was only based on mere conjecture and speculation. (See Exhibit B).

16. The visa petition was then again approved by the

---

earlier filing as being filed by a U.S. citizen.

5

USCIS on August 3, 2006, and forwarded to the U.S. consular post in Mumbai, India. (See Exhibit C).

17. The Plaintiff then received word that the U.S. Consulate has now again attempted to revoke the second approved I-130 visa petition by sending it back to the USCIS.

18. That your Plaintiff and her husband presently await final processing.

19. That the U.S. Consulate has willfully failed to process the required visa petition.

## CAUSE OF ACTION

20. The Plaintiffs re-allege Paragraphs 1-19 for purposes of this cause of action.

21. That the revocation of the approved I-130 visa petition was appealed as required pursuant to 8 C.F.R. Section 205.2(d). The appeal was sustained and remanded back to the USCIS for further action.

22. The USCIS and the Department of State have willfully failed to follow the Board of Immigration Appeals' order remanding the subject I-130 visa petition.

23. The USCIS and Department of State have willfully

6

failed to process all forms and follow procedures in allowing the subject beneficiary a visa to enter the United States.

24. That Plaintiffs have been prejudiced as a result of Defendants' failure to issue Vimalkumar Patel the subject visa packet as required by the Board of Immigration Appeals' decision, the Immigration Act and its implementing regulations and policy.

25. That the unreasonable delay in the USCIS and Department of State to act in providing the proper paperwork to allow the Plaintiff's husband to enter the United States is directly attributable to the Defendants.

26. That by paying a fee, the Plaintiffs have a right to have their petitions and applications adjudicated.

27. The predecessor USCIS had an obligation pursuant to 8 C.F.R. Section 204.1(h) in informing your Plaintiff of a lack of evidence needed when adjudicating a case and notice when it denies a case. Neither of the notices were ever sent or received.

28. The Defendants ignoring the Board Of Immigration Appeals' order directly violates your Plaintiffs' right to due process of law.

WHEREFORE, Plaintiffs pray that this Court grant the

following relief:

A.  An order from this Court declaring that Defendants' position in refusing to issue the visa and corresponding admission documents to be error of law, arbitrary and capricious.

B.  An order in the form of a Writ of Mandamus requiring Defendants to grant Plaintiff a decision as to the subject visa.

C.  Awarding Plaintiffs reasonable attorneys' fees pursuant to 28 U.S.C. Section 2412 for failure of the Defendants to perform their duties within a reasonable amount of time; and

D.  Granting such other relief at law and in equity as justice may so require.

                         Respectfully Submitted,
                         Anjanaben Patel and Vimalkumar Patel,
                         Plaintiffs,

                         By: _____
                             JUSTIN R. BURTON, ESQ.
                             Attorney for Plaintiffs

JUSTIN R. BURTON, ESQ.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street - Suite 725
Chicago, Illinois  60602
(312) 332-2550

## CERTIFICATE OF SERVICE

The undersigned, JUSTIN R. BURTON, ESQ., certifies that he caused this Notice to be served upon the below listed addressees by mail service on November 16th, 2007.

U.S. Attorney
219 South Dearborn Street, 5th floor
Chicago, Illinois 60604

Michael Chertoff, Secretary
Department of Homeland Security
Washington, D.C. 20528

Emilio T. Gonzalez, Director
USCIS/Nebraska Service Center
850 "S" Street
Lincoln, Nebraska 68501

Dr. Condoleezza Rice, Secretary
U.S. Department of State
2201 C Street, NW
Washington, D.C. 20520

_____
Justin R. Burton, Esq.

JUSTIN R. BURTON, ESQ.
KRIEZELMAN BURTON & ASSOCIATES, LLC
20 North Clark Street - Suite 725
Chicago, Illinois 60602
(312) 332-2550

9